**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNICOLORS, INC.,<br><br>                     Plaintiff,<br><br>  -Against-<br><br>STAR RIDE KIDS, INC.; BOSCOV'S DEPARTMENT STORE, LLC; SOLO FASHION CORP.; SW GROUP LLC, d/b/a/ SHOPPERS WORLD; and DOES 1-10 Inclusive,<br><br>                   Defendants. | Civil Case No.:<br><br>**PLAINTIFF'S COMPLAINT FOR:**<br>  1.  **COPYRIGHT INFRINGEMENT;**<br>  2.  **VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT** |

Plaintiff, Unicolors, Inc. ("Unicolors" or "Plaintiff"), for its Complaint against Star Ride Kids, Inc.; Boscov's Department Store, LLC; Solo Fashion Corp.; SW Group LLC, d/b/a/ "Shoppers World," (collectively, hereinafter, "Defendants") by and through its undersigned attorneys, alleges as follows:

<u>**NATURE OF THE ACTION**</u>

1.      This is an action for copyright infringement against the Defendants under the Copyright Act of 1976, 17 U.S.C. § 101, <u>et seq</u>., for their unauthorized reproduction, manufacture, sale, distribution and/or advertising of product that infringes Plaintiff's original copyright design.

///

///

**THE PARTIES**

2.      The Plaintiff, Unicolors, is a corporation organized and existing under the laws of the State of California with its principle place of business at 3251 East 26th Street, Vernon, Califonria 90058.

3.      Upon information and belief, Defendant Star Ride Kids, Inc. ("Star Ride") is a corporation organized and existing under the laws of the State of New York with its principle place of business at 112 West 34th Street, Suite 830, New York, NY 10120. Upon information and belief, Star Ride is in the business of designing, manufacturing, sourcing, assembling, importing, distributing, advertising and/or selling garments.

4.      Upon information and belief, Boscov's Department Store, LLC ("Boscov") is an entity organized and existing under the laws of the State of Pennsylvania, with its business offices located at 4500 Perkiomen Avenue, Reading PA 19606. Upon further information and belief, Boscov operates a chain of retail stores and online outlets that sells, among other things, women's apparel.

5.      Upon information and belief, Defendant Solo Fashion Corp. ("Solo") is a corporation organized and existing under the laws of the State of New York with its principle place of business at 4622 5th Avenue, Brooklyn, New York, 11220. Upon information and belief, Solo is in the business of designing, manufacturing, sourcing, assembling, importing, distributing, advertising and/or selling garments.

6.      Upon information and belief, SW Group LLC, d/b/a/ "Shoppers World" ("Shoppers World") is an entity organized and existing under the laws of the State of New York, with its business offices located at 9 East 40th Street, New York, NY 10016. Upon further

information and belief, Shoppers World operates a chain of retail stores throughout New York, and the United States, that sells, among other things, women's apparel.

## JURISDICTION AND VENUE

6.     This Court has personal jurisdiction over the Defendants by virtue of their systematic and continuous transaction of business and commerce, as well as commission of tortious acts within the State of New York pursuant to New York C.P.L.R. §§ 301 and 302. Further, Defendant Star Ride, Solo and Shoppers World are companies organized under the laws of New York with their principle place of business in New York City.

7.     Subject matter jurisdiction exists in this case pursuant to 28 U.S.C. § 1331, giving this Court original jurisdiction in a civil action raising a federal question; and 28 U.S.C. § 1338(a), giving this Court original and exclusive jurisdiction in a civil action arising under the copyright laws of the United States. This Court also has supplemental jurisdiction over all other claims pursuant 28 U.S.C. § 1367.

8.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391, because this is an action brought pursuant to the Copyright Act, and this is the judicial district in which a substantial part of the acts, omissions, and injury to Plaintiff occurred, giving rise to the claims herein.

## FACTUAL BACKGROUND

9.     Plaintiff is a fabric wholesaler/supplier engaged primarily in the apparel industry for imported and domestic fabrications. Plaintiff creates, or purchases and obtains, exclusive rights to unique two-dimensional graphic artworks for use on textiles and garments, and those textiles and garments are transacted primarily in the fashion industry in the United States.

10.    By and through its efforts of acquisition and creation, Plaintiff owns several designs in exclusivity and makes sales of products bearing these designs for profit. Plaintiff's business fitness and competitiveness is underscored by its ownership of these designs; such that Plaintiff spends a considerable amount of time and resources creating and obtaining top-quality, marketable and aesthetically-appealing designs.

11.    Clients of Plaintiff and members of the apparel community, including possibly DOE defendants named herein, take design samples with the understanding and agreement that they will only utilize Plaintiff to reproduce Plaintiff's sampled designs should the sampling party wish to do so, and will not seek to make minor changes to Plaintiff's proprietary work to reproduce the same elsewhere, and/or use those designs in furtherance of their business in violation of both their contractual agreement with Plaintiff and Plaintiff's copyrights.

12.    No other party is authorized to make sales of product bearing Plaintiff's proprietary designs without express permission from Plaintiff.

10.    Plaintiff applied for and was granted copyright registration for Print Number EH101; for which it received Copyright Registration Certificate No. VA-1-770-400. The Registration is valid and living.  Attached hereto as Exhibit 1 is a true and correct copy of Plaintiff's duly copyright registered Print EH101.

11.    Before the discovery of the allegation herein, Plaintiff was rightfully offering for sale product bearing print EH101 (hereinafter: "Subject Design") to numerous customers in the fashion and apparel industry.

12.    Upon information and belief, Defendants have access to the Subject Design and/or Print EH101, including without limitations: (a) access through Plaintiff's showroom; (b)

access through authorized and unauthorized copies (in digital and hardcopy format); (c) access through bulk samples, strike offs, sample cuts, sales samples, swatches, headers, paper CADs and other samples from Plaintiff; (d) access through their customers and/or suppliers, and/or (e) access through product bearing the Subject Design rightfully and legally sold to garment suppliers, retailers, or other outlets.

13.     Upon information and belief, beginning after the issuance of the Copyright Registration underscoring Plaintiff's ownership in Print EH101, and continuing to date, Defendants, including DOE defendants, manufactured, acquired and/or sold, or caused to be manufactured and/or sold or offered for sale product containing a design that is identical or strikingly similar to Plaintiff's copyrighted Subject Design, thereby infringing on Plaintiff's rights in the Subject Design.

14.     Upon information and belief, beginning after the issuance of the Copyright Registration underscoring Plaintiff's ownership in Print EH101, and continuing to date, Defendant, including DOE defendants, sold, offered for sale, advertised and/or distributed product containing a design that is identical or strikingly similar to Plaintiff's copyrighted Subject Design without authority or license from Plaintiff, thereby infringing on Plaintiff's rights in the Subject Design.

15.     Plaintiff discovered Defendants' infringement through garments for sale at Boscov and Shoppers World stores that bear uncannily striking similarity to Plaintiff's Subject Design but was made, procured, distributed, solicited, and/or supplied by an unauthorized entity ("Accused Garment(s)").

16.    The Accused Garments bear Federal Trade Commission ("FTC") Registered Identification Numbers ("RN") 83951 and 133300, respectively.

17.    Research of the RN numbers reveals that No. 83951 belongs to Star Ride.

18.    Research of the RN numbers reveals that No. 133300 belongs to Solo.

17.    A true and correct copy of an exemplar of the Accused Garment found at Boscov is attached hereto as Exhibit 3; and the said example of the Accused Garment is assigned UPC No. 6088-6392-2653.

18.    A true and correct copy of an exemplar of the Accused Garment found at Shoppers World is attached hereto as Exhibit 2; and the said example of the Accused Garment is assigned SKU No. 400070744871.

18.    It is currently unknown as to specifically when Defendants began developing, importing, manufacturing, advertising and/or selling the Accused Garment and/or other products infringing Plaintiff's copyrights, but these facts will be established in discovery.

19.    Upon information and belief, Defendants, each of them individually and/or collectively, had knowledge that the art-work rendered on the Accused Garments was not owned by any single one of the Defendants or authorized for use by any single one of the Defendants, each of them individually and/or collectively.

20.    Defendants' knowingly, willfully, and in bad faith, offered for wholesale and/or retail, advertised, manufactured, supplied, and/or distributed the Accused Garments, for the purposes of profit, and thereby misappropriating to themselves the benefits of Plaintiff's investment, intellectual property and work.

21.

**COUNT I**

**(Copyright Infringement Against All Defendants and Each of Them)**

19.     Plaintiff repeats, re-alleges and incorporates paragraphs 1 through 21 hereof as if fully set forth herein in their entirety.

20.     Defendants had no authority or license from Plaintiff to reproduce, distribute and/or sell any goods, including the Accused Garment, containing the copyrighted Subject Design.

21.     Upon information and belief, Defendants have profited from sales of the Accused Garment and, unless enjoined by this Court, will continue to wrongfully use, infringe upon and otherwise profit from Plaintiff's copyrighted Subject Design.

22.     Due to Defendants' acts of copyright infringement, Plaintiff has suffered substantial damages and loss to its business, and will continue to lose sales revenue from the projected sales of its own textile products rendering its own copyright registered art-work. The exact nature of Plaintiff's continued loses are to be established at trial.

23.     Due to Defendants' acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

24.     Due to Defendants' acts of copyright infringement, Defendants have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Design.  As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Subject Design, in addition to Plaintiff's actual damages, as stated under 17 U.S.C. § 504(b), in an amount to be established at trial.

25.     Upon information and belief, Defendants, and each of them, have continued to import, manufacture, cause to be manufactured, advertise and/or sell infringing product after knowing that the Defendants, individually or collectively, do not have any rights whatsoever in the Subject Design misappropriated on the Accused Garments.   Plaintiff is informed and believes, and thereon alleges that Defendants' acts of copyright infringement as alleged above, were and continue to be willful and intentional, subjecting Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000). 17 U.S.C. § 504(c)(2).

26.     Plaintiff has been damaged by Defendants bad acts, which, upon information and belief, have been deliberate and willful. Upon further information and belief, as parties in past copyright actions in Federal Court, Defendants are aware of copyright laws and the protections afforded under the said laws.   Defendants' intentional and willful acts, as complained of herein, will continue to injure Plaintiff and its exclusive intellectual property rights in the Subject Design.

27.     By reason of the foregoing, Plaintiff is entitled to its damages, including but not limited to Plaintiff's loss of profits, and Defendants' profits derived from its sales of the infringing garment, or alternatively prior to trial, statutory damages pursuant to 17 U.S.C. § 504(c) in an amount up to one hundred and fifty and thousand dollars ($150,000) for willful infringement, together with reasonable attorneys' fees and costs pursuant to 17 U.S.C. § 505.

**COUNT II**

**(Vicarious And/Or Contributory Copyright Infringement Against All Defendants and Each of Them)**

8

28.     Plaintiff repeats, re-alleges and incorporates paragraphs 1 through 27 hereof as if fully set forth herein in their entirety.

29.     Upon information and belief, Defendants have substantial and continuing business relations and connections that relate to the designing, development, manufacturing, importing, distributing, advertising and/or selling of garments.

30.     Upon information and belief, Solo and Star Ride manufactured, imported and/or sold to Boscov and/or Shoppers World the Accused Garments that infringe upon the Plaintiff's intellectual property rights in the Subject Design.

31.     Upon information and belief, Boscov and/or Shoppers World had the right and ability to supervise, police, instruct and/or control the designing, development, manufacturing, importing, and purchase of the Accused Garments.

32.     Upon information and belief, Boscov, Shoppers World and DOE defendants, among other conduct, designs, develops, advertises, promotes and/or sells retail Accused Garments acquired through either Solo, Star Ride, and/or DOE defendants, for an obvious and direct financial interest and profit.

33.     Upon information and belief, Defendants, and each of them, knowingly induced, participated in, aided and abetted in, and profited from the illegal reproduction, promoting and/or subsequent sales of infringing garments and/or other product bearing the Subject Design as alleged through this Complaint.

34.     Upon information and belief, Defendants, and each of them, are vicariously liable for the infringement alleged in this Complaint because they had the right and ability to

supervise and instruct the infringing conduct and because they had a beneficial financial interest in the infringing conduct.

35.     Due to Defendants', and each of their, acts of contributory and vicarious infringement as alleged in this Complaint, Plaintiff has suffered and will continue to suffer substantial damages to its business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

36.     Due to Defendants', and each of their, acts of copyright infringement as alleged in this Complaint, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Design. As such, at a minimum, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Subject Designs in an amount to be established at trial.

37.     Plaintiff is informed and believes and thereon alleges that the infringement of the Subject Design by Defendants, and each of them, was willful, reckless, and/or in blatant disregard for Plaintiff's rights as a copyright holder, and as such, Defendants, and each, are liable for willful, exemplary and enhanced statutory damages, including a preclusion from deducting certain costs relevant to the disgorgement of Defendants' profits resulting from the alleged infringement, in addition to other just relief determined at trial.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully requests that this Court enter judgment against Defendants and that the following relief be granted:

*Against All Defendants*

10

1.      Declaring that Defendants have infringed upon Plaintiff's copyrights;

2.      Preliminary and permanently enjoining Defendants, their officers, agents, employees, and related companies, and all persons acting for, with, by, through, or under them, from manufacturing, copying, reproducing, distributing, advertising, promoting, offering for sale or selling any product or article (a) bearing any design identical and/or substantially similar to Plaintiff's copyrighted Subject Design, or (b) comprising or incorporating any protectable matter copied from and substantially similar to Plaintiff's copyrighted Subject Design;

3.      Order the impoundment of the infringing goods in the Defendant's custody or control pursuant to the Copyright Act, 17 U.S.C. § 503;

4.      That Defendants account to Plaintiff for their profits and any damages sustained by Plaintiff arising from the aforementioned acts;

5.      That Plaintiff be awarded all profits of Defendants plus all losses of Plaintiff, plus any other monetary advantage gained by Defendants through their infringement, the exact sum to be proven at the time of trial, or in the alternative, if the Court deems fit, statutory damages as available under the Copyright Act, 17 U.S.C. § 101, et seq.;

6.      That the Defendants be found to have willfully infringed upon the Plaintiffs copyrights, for which the Plaintiff be awarded statutory damages, as available under the Copyright Act, 17 U.S.C. § 504(c)(2);

8.      That Plaintiff be awarded its reasonable attorneys' fees as available by all applicable federal, state, and common laws;

9.      That Plaintiff be awarded punitive damages;

10.     That Plaintiff be awarded pre-judgment interest as allowed by the law;

11.     That Plaintiff be awarded the cost of this action;

12.     That Plaintiff be awarded such further legal and equitable relief as the Court

deems proper.

Plaintiff demands a jury trial, on all issues so triable, pursuant to Fed. R. Civ. P. 38 and

the 7th Amendment to the United States Constitution.

Dated: New York, New York
November 10, 2016

                                              Respectfully Submitted,


                                      _____/s/ *Sumeer Kakar*_____
                                          Sumeer Kakar, Esq.
                                          KAKAR, P.C.
                                          525 SEVENTH AVENUE, SUITE 1810
                                          NEW YORK, NY 10018
                                          P: 212-704-2014
                                          F: 646-513-3353
                                          SK@KAKARLAW.NET
                                          *Attorneys For Plaintiff*